## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TONY BURFORD** | : | |
| **Individually, and on Behalf of** | : | **CIVIL ACTION** |
| **All Others Similarly Situated** | : | |
| **694 SKINNER CREEK ROAD** | : | **NO. 19-cv-577** |
| **PORT ALLEGANY, PA  16743** | : | |
| | : | **JURY TRIAL** |
| **VS.** | : | **DEMANDED** |
| | : | |
| **DELAWARE COUNTY, PENNSYLVANIA** | : | |
| **201 WEST FRONT STREET** | : | |
| **MEDIA, PA  19603** | : | |
| **      AND** | : | |
| **ANGELA L. MARTINEZ** | : | |
| **DELAWARE COUNTY PROTHONOTARY** | : | |
| **201 WEST FRONT STREET** | : | |
| **MEDIA, PA  19603** | : | |
| **In her Individual and Official Capacities** | : | |
| **      AND** | : | |
| **PATRICIA ORESKOVICH** | : | |
| **DIRECTOR OF COURT FINANCIAL SERVICES** | : | |
| **201 WEST FRONT STREET** | : | |
| **MEDIA, PA  19603** | : | |
| **In her Individual and Official Capacities** | : | |
| **      AND** | : | |
| **PHILIP F. PISANI** | : | |
| **DIRECTOR OF PRE-TRIAL/BAIL SERVICES** | : | |
| **201 WEST FRONT STREET** | : | |
| **MEDIA, PA  19603** | : | |
| **In her Individual and Official Capacities** | : | |

## AMENDED COMPLAINT - CLASS ACTION

### Introduction

1.      Plaintiff, Tony Burford, brings this action as a class action pursuant to 42

U.S.C. § 1983 and seeks injunctive relief and damages for the violation of his rights

under the Due Process Clause of the Fourteenth Amendment of the United States

Constitution, the Eighth Amendment of the United States Constitution and Pennsylvania Common Law.

**Parties**

2.    Plaintiff, Tony Burford, is an adult citizen of the Commonwealth of Pennsylvania, residing as captioned.

3.    Defendant, Delaware County, is a municipal or governmental agency organized and existing under the laws of the Commonwealth of Pennsylvania, with its main office and/or principal place of business as captioned.

4.    Defendant, Angela L. Martinez, is the Prothonotary/Clerk of the Delaware County Court of Common Pleas and at all times material hereto was responsible for overseeing, supervising, implementing, and/or executing Delaware Counties policies, practices, rules and laws related to the collection and return of bail money, and had final decision making authority over the policies, practices and rules related to the collection and return of bail money.

5.    At all times material hereto, Defendant, Angela L. Martinez, was acting in the course and scope of her employment, under the color of state law, and pursuant to the customs, practices and policies of Delaware County, and is being sued in her individual and official capacities.

6.    Defendant, Patricia Oreskovich, is the Director of Court Financial Services for Delaware County, which is responsible for the collection and disbursement of funds ordered by the Court of Common Pleas of Delaware County, and had final decision making authority over the policies, practices and rules related to the collection and disbursement of funds ordered by the Court of Common Pleas of Delaware County.

7.     At all times material hereto, Defendant, Patricia Oreskovich, was responsible for overseeing, supervising, implementing, and/or executing Delaware Counties policies, practices, rules and laws related to the collection and return of bail money, and employed proactive measures to maximize the collection of fines, costs and restitution.

8.     At all times material hereto, Defendant, Patricia Oreskovich, was acting in the course and scope of her employment, under the color of state law, and pursuant to the customs, practices and policies of Delaware County, and is being sued in her individual capacity.

9.     Defendant, Philip F. Pisani, is the Director of Pre-Trial/Bail Services for Delaware County, which is responsible for overseeing, supervising, implementing, and/or executing Delaware Counties policies, practices, rules and laws related bail including the setting and costs related to bail, and had final decision making authority over the policies, practices and rules related to bail.

10.     At all times material hereto, Defendant, Philip F. Pisani, was acting in the course and scope of his employment, under the color of state law, and pursuant to the customs, practices and policies of Delaware County, and is being sued in his individual capacity.

**Jurisdiction and Venue**

11.     The Court has jurisdiction over the Federal claims pursuant to 28 U.S.C. § 1331 and § 1343 and jurisdiction over the State Law claims pursuant to the principles of pendant and ancillary jurisdiction.

12.    Venue is proper pursuant to 28 U.S.C. § 1391(b) because the cause of action upon which the complaint is based arose in Delaware County, Pennsylvania, which is in the Eastern District of Pennsylvania.

**Class Action Allegations**

13.    Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(2), on behalf of himself and all persons who had their criminal charges dismissed or who were found not guilty and had a portion of their bail money retained by Delaware County for the payment of court costs, including but not limited to, Constable fees, Constable Education Act fees, Constable Certification fees and other court costs in violation of their rights under Pennsylvania law and the Due Process Clause of the Fourteenth Amendment and the Eighth Amendment of the United States Constitution.

14.    The members of the class are so numerous that joinder of all members is impracticable.  Although the exact number of class members is unknown to the Plaintiff at the present time, it can be ascertained from records maintained by Delaware County and/or by searching the criminal dockets on the Unified Judicial System Web Portal, which identifies whether the charges were dismissed or the person was found not guilty, the amount of bail, the amount of bail that was returned, as well as any costs/fees that were deducted from the bail and hence not returned.

15.    Plaintiff will fairly and adequately represent and protect the interests of the members of the class.  Plaintiff's two attorneys have approximately thirty-seven (37) years of combined experience litigating various matters in the United States District Court for the Eastern District, with a focus on Civil Rights Litigation pursuant to 42

U.S.C. § 1983, and will vigorously pursue this matter on behalf of the Plaintiff and all class members.

16.    Plaintiff's claims are typical of the claims of the other class members because they all either had their charges dismissed or were found not guilty yet had a portion of their bail money retained by Delaware County in violation of the Due Process Clause/Eighth Amendment and Pennsylvania law.  Plaintiff does not have any interest in conflict with other members of the class.

17.    Defendants have acted or failed to act on grounds that apply generally to the class, so that final injunctive and/or declaratory relief is appropriate respecting the class as a whole.

18.    Common questions of law and fact exist as to all members of the class, and predominate over any questions affecting solely individual members of the class. Among the questions of law and fact common to the members of the class are the following:

a).    Whether Delaware County's retention of bail money to pay court cost, including Constable fees, Constable Education Act fees, Constable Certification fees and other court costs, for persons who had their criminal charges dismissed or who were found not guilty violated the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

b).    Whether Delaware County's retention of bail money to pay court cost, including Constable fees, Constable Education Act fees, Constable Certification fees and other court costs, for persons who had their criminal charges dismissed or who were

found not guilty constituted an "excessive fine" in violation of the Eighth Amendment of the United States Constitution.

   c).  Whether Delaware County's retention of bail money to pay court cost, including Constable fees, Constable Education Act fees, Constable Certification fees and other court costs, for persons who had their criminal charges dismissed or were found not guilty constituted Conversion under Pennsylvania law.

   d).  Whether the continuing violation of the class members' rights and interests may be remedied through the issuance of an injunction and/or declaratory relief against Defendants.

**Factual Averments**

   19. On January 15, 2016, the Plaintiff was arrested by the Darby Borough Police Department and charged with a number of criminal offenses, including one felony. Exhibit "A", Criminal Docket.

   20. Bail was originally set at $100,000.00, and then was reduced to $60,000.00, and the Plaintiff posted 10% or $6,000.00, which, pursuant to Delaware County Rule of Criminal Procedure 526(d), was delivered to the Delaware County Office of Judicial Support and deposited into a designated account. Exhibit "A", Criminal Docket.

   21. On March 1, 2017, all of the charges against the Plaintiff had either been withdrawn, dismissed, or the Plaintiff was found not guilty. Exhibit "A", Criminal Docket.

22.     Notwithstanding the fact that all of the criminal charges against the Plaintiff were resolved in his favor, Defendants impermissibly failed to return a significant portion of his bail money, retaining the money to cover various court costs.

23.     Specifically, Defendants retained $811.80 to pay the Constable fees, $5.00 for Constable Education Training, $16.25 for Constable Certification, and $300.00 to the arresting agency, Darby Borough Police Department.  Exhibit "A", Criminal Docket.

24.     In addition to the above court costs, Defendant Delaware County retained $2,400.00, or 40% of the $6,000.00 bail, as a Bail Handling fee.  Exhibit "A", Criminal Docket.

25.     When Defendants returned the bail money to the Plaintiff, he questioned the amount that was returned, and was informed by the Clerk that those were customary deductions and there was no means or procedure by which to contest the deductions or seek a refund.

26.     Plaintiff also called the number on the bail receipt to challenge the deductions from his bail money, and was again informed that he was not entitled to the return of the court costs that were deducted from his bail, and that there was no procedure by which he could challenge the deductions or seek a refund.

27.     Of the $6,000.00 in bail money the Plaintiff posted, the amount of "Costs/Fees" retained by Defendants totaled $3,533.05, which Defendants refused to refund despite Plaintiff's repeated requests, with the remainder of the money being returned to the Plaintiff on April 4, 2017.  Exhibit "A", Criminal Docket.

28.     The Plaintiff has a property interest in the money that was retained by Delaware County to pay the court cost, which property interest was protected by the Due Process Clause of the United States Constitution.

29.     Because the Plaintiff was found not guilty of the criminal charges, he must be presumed innocent of all the charges and the Defendants cannot, consistent with the Due Process Clause, impose any court costs on him, including those court costs imposed by the Defendants by the retention of Plaintiff's bail money.

30.     Because the criminal charges against the Plaintiff were dismissed, Defendant, Delaware County, had a statutory duty to pay the court costs, and to ensure by proper policy implementation, oversight, and training that its statutory duty to pay the court costs under these circumstances was being fulfilled.

31.     Notwithstanding Defendant, Delaware County's statutory duty to pay the court costs under these circumstances, as a matter of policy, practice and/or custom, Defendant, Delaware County and/or Defendant Angela Martinez and/or Defendant Patricia Oreskovich and/or Defendant Philip F. Pisani retained, or caused to be retained, bail money to cover certain court costs of all persons in Delaware County who posted bail regardless of whether that person was convicted of a crime or, as in this case, had the criminal charges dismissed or was found not guilty.

32.     Notwithstanding Defendant, Delaware County's statutory duty to pay the court costs under these circumstances, as a matter of policy, practice and/or custom, Defendant, Delaware County and/or Defendant Angela Martinez and/or Defendant Patricia Oreskovich and/or Defendant Philip F. Pisani  failed to provide persons who have had their criminal charges dismissed, or were found not guilty, any procedure to

challenge the retention of the bail money that was deposited in an account maintained by the Delaware County Office of Judicial Support and/or to seek the return of wrongfully retained money.

**Applicable Statutory Provisions and Rules**

33.    With the exception of the $300.00 fee to the arresting agency, Darby Borough Police Department, the remainder of the court costs assessed against the Plaintiff related to Constable services.  Exhibit "A", Criminal Docket.

34.    The fees a constable can charge regarding criminal cases are set-forth in 44 Pa. C. S. A.§ 7161(g).

35.    Pursuant to 44 Pa. C. S. A.§ 7161(e), the requirement to pay these fees is placed on the court: "All . . . criminal fees shall be paid by the court to the constable . . . after the service is performed and a proper request for payment is submitted."

36.    Where the criminal defendant is found guilty, the court passes these fees on to the defendant as part of the costs of the prosecution, and the criminal defendant can challenge their imposition by challenging the bill of costs.

37.    Pursuant to Pa. R. Crim. P. 535(E), upon Motion by the prosecutor the bail money deposited with the court may be used to pay the convicted defendants "restitution, fees, fines, and costs imposed upon the defendant . . . unless the defendant shows that he or she would suffer an undue hardship."

38.    Rule 535(D) makes clear that unless the prosecutor files a motion to attach the bail money "within 20 days of the full and final disposition of the case", the bail "deposit shall be returned to the depositor, less any bail-related fees or commissions authorized by law, and the reasonable costs, if any, of administering the percentage cash

bail program", which in this case was $2,400.00, or 40% of the $6,000.00 bail.  Pa. R.

Crim. P. 535(D).

39.    The Rules therefore do not permit the government to take the costs of the

prosecution out of even a convicted criminal defendants bail money unless the prosecutor

files the required motion within 20 days, and follows the above established procedure.

Pa. R. Crim. P. 535(D) and (E).

40.    By contrast, and as the Plaintiff was informed when he tried to get the

court costs returned to him, there is no Rule or procedure that permits an arrestee who

had his or her charges dismissed to challenge the retention of bail to cover court costs or

by which he or she can seek a return of impermissibly retained bail money.

41.    Pa. R. Crim. P. 588(a) does not provide a remedy for the return of

impermissibly retained bail money because it is limited to "[a] person aggrieved by a

search and seizure" or evidence that was seized by the government in an underlying

criminal prosecution and it does not apply to bail money voluntarily deposited with court;

accordingly, Pa. R. Crim. P. 588(a) does not apply to the circumstances of this case, and

by its terms would not permit a court to order the return of bail money.

42.    There was no adequate remedy, procedure or rule that Plaintiff could, or

had a requirement to exhaust before filing the instant lawsuit.

43.    In terms of the fees related to the constables services,  44 Pa. C. S. A.§

7161(g)(16) provides in pertinent part that where the criminal "defendant is discharged or

indigent or the case is otherwise dismissed, the court shall assess to the **county** the fee

provided in this section".  (emphasis added).

44.    Section 7161(g)(16) makes clear that where the criminal charges are dismissed or the defendant is found not guilty, constable fees cannot be assessed against the defendant, either by the court or through the retention of bail money, and instead must be assessed against the county, which brought the criminal charges.

45.    Neither Pa. R. Crim. P. 535(D) or (E), nor 44 Pa. C. S. A.§ 7161(g)(16) permits the assessment of costs upon the criminal defendant where the charges are dismissed or the defendant is found not guilty, and the costs can only be taken out of bail money where the defendant has been convicted and the prosecutor files the required motion.

46.    In short, there is no law that authorized Defendants to assess the Plaintiff, who had some of his charges dismissed or withdrawn and who was found not guilty on the others, with court costs,  including the imposition of constable service fees, and there is no law or Rule that authorized Defendants to take any court costs out of the Plaintiff's bail money; instead, under the circumstances of this case, the law clearly placed the burden of paying the Constable related fees on Defendant Delaware County. 44 Pa. C. S. A.§ 7161(g)(16).

47.    Defendants retention of the Plaintiff's bail money for the payment of court cost in the form of constable service fees imposed an impermissible fine or penalty on the Plaintiff, who had been found not guilty.

48.    Defendants retention of the Plaintiff's bail money for the payment of court cost in the form of constable service fees was not authorized under Pennsylvania law and therefore was illegal. *Commonwealth v. Gill*, 288 Pa. Super. 538, 544 (1981) ("The

general propositions of law upon which we base our opinion in this matter are that costs must not be assessed except as authorized by law".).

49.    Defendants retention of the Plaintiff's bail money for the payment of court cost in the form of constable service fees violated the Plaintiff's rights under the Federal Constitution and Pennsylvania Common Law.

50.    Defendants violation of Pennsylvania Law and the Federal Constitution was/is ongoing and continuous and involved the continual unlawful act of depriving persons who had their charges dismissed, withdrawn or were found not guilty of a portion of their bail money, which Defendants had no legal right to retain.

51.    Defendants unconstitutional and illegal custom and/or practice and/or policy of taking court cost from the bail money of persons who had their charges dismissed or who were found not guilty was part of a continuing, on-going pattern and was well-entrenched and permanent, extending over a period of many years and constituting a continuing violation.

52.    Defendants unconstitutional and illegal custom and/or practice and/or policy of taking court cost from the bail money of persons who had their charges dismissed or who were found not guilty was the proximate cause of the injuries to the Plaintiff and all others similarly situated.

## COUNT I-- 42 U.S.C. § 1983
## PROCEDURAL DUE PROCESS
## UNDER THE FOURTEENTH AMENDMENT
## PLAINTIFF v. ALL DEFENDANTS

53.    All of the preceding paragraphs are incorporated by reference as if fully set-forth herein.

54.    Defendants assessed the Plaintiff $1,133.05 in court costs, taking that money out of the $6,000.00 in bail that he had posted.  Exhibit "A", Criminal Docket.

55.    The Plaintiff has a protected property interest in the money that Defendants took to pay for the court costs, and was deprived of that protected interest when the Defendants failed to return to the Plaintiff that portion of the bail money that they used to pay said costs.

56.    Defendants took the Plaintiff's money to pay the court costs without providing to persons in the Plaintiff's circumstances a meaningful opportunity to be heard regarding the assessment of the costs or a procedure to challenge the retention of the bail money for costs or to seek the return of the improperly held bail money.

57.    The Plaintiff's interest in regaining the money that Defendants took is significant in that the Plaintiff was found not guilty of the criminal charges and accordingly the county could not impose costs on him; the law expressly imposed on the county the duty to pay the costs assessed to the Plaintiff; and the amount assessed in costs was substantial or excessive, amounting to a little over 18% of the total bail posted.

58.    The risk of an erroneous deprivation is clearly great, as the money was in the Defendants possession as required by Delaware County Rule of Criminal Procedure 526(d), and Defendants ignored existing Pennsylvania law and Federal law that prohibited them from assessing the cost related to Constable services on the Plaintiff under the circumstances of this case, and also ignored state Rules of Criminal Procedure that prohibited Defendants from taking the costs out of the Plaintiff's bail money under the circumstances of this case.

59.     There is also a risk of erroneous deprivation because the Defendants do not provide any procedure by which a person who has had his or her criminal charges dismissed or was found not guilty can challenge the retention of his/her bail money to cover the costs or seek the return of the bail money held by the Defendants, when, by contrast, there is a procedure that must be strictly followed in order to retain the bail money to cover costs of a person who has been found guilty of the crime and had the costs appropriately assessed against him or her. Pa. R. Crim. P. 535(D) and (E).

60.     The governments interest is nil, as the Defendants have no interest in withholding the Plaintiff's money to which the Defendants have zero claim of right.

61.     Because the Plaintiff's interest in regaining his money is significant, the risk of an erroneous deprivation great, and the governments interest in retaining the money nil, the Due Process Clause of the Fourteenth Amendment of the United States Constitution required the Defendants to provide some form of process to protect the Plaintiff's property interest in his money, and failure to do so violated the Plaintiff's right to procedural Due Process.

62.     Defendant, Delaware County, directly engaged in the unconstitutional conduct when it adopted an unconstitutional policy, practice and/or custom to retain the bail money of persons whose criminal charges were dismissed, withdrawn and/or were found not guilty in order to pay certain costs of the prosecution, where the law clearly placed the payment of these costs on the County itself.

63.     Defendants deprived the Plaintiff of property without Due Process of law.

64.     The Defendants failure to comply with the requirements of Procedural Due Process was the proximate cause of the deprivation of the Plaintiff's property/money.

   **WHEREFORE,** Plaintiff, Tony Burford, individually, an on behalf of all others similarly situated, respectfully requests that this Honorable Court enter judgment against the Defendants for compensatory damages, attorney's fees and costs, and for any other relief that this Honorable Court deems just and applicable.

**COUNT II-- 42 U.S.C. § 1983**
**SUBSTANTIVE DUE PROCESS**
**UNDER THE FOURTEENTH AMENDMENT**
**PLAINTIFF v. ALL DEFENDANTS**

   65. All of the preceding paragraphs are incorporated by reference as if fully set-forth herein.

   66. The substantive component of the Due Process Clause of the Fourteenth Amendment precludes the government from assessing the costs of a prosecution on a criminal defendant who has been found not guilty or had his charges dismissed or the conviction reversed on appeal.

   67 Restated, the Due Process Clause does not permit the government to prosecute a person, lose the prosecution, and have the person who was found not guilty or had his charges dismissed or the conviction reversed on appeal pay the costs for the prosecution.

   68 The right of a criminal defendant who has been found not guilty to not pay for the costs of the prosecution is fundamental to our system of criminal justice.

   69 Defendants violated this fundamental right when they arbitrarily and capriciously imposed upon the Plaintiff certain costs of the prosecution by retaining the Plaintiff's bail money to pay for Constable services and other related court costs.

70.     The Defendants decision to retain the Plaintiff's money was intentional, and was done pursuant to the customs, practices and/or policies of Delaware County, which directly engaged in the unconstitutional conduct when it adopted an unconstitutional policy, practice and/or custom to retain the bail money of persons whose criminal charges were dismissed, withdrawn and/or were found not guilty in order to pay certain costs of the prosecution, where the law clearly placed the payment of these costs on Defendant Delaware County itself.

71.     The Defendants decision to retain the Plaintiff's money was conscious shocking in that Pennsylvania law expressly precluded the Defendants' actions.

72.     The Defendants decision to retain the Plaintiff's bail money to cover court cost, when the Defendants knew that under the circumstances of this case, the retention of the Plaintiff's bail money for court costs violated Pennsylvania law and Constitution, was arbitrary and capricious, and shocks the conscience.

73.     In retaining the Plaintiff's money, Defendants were deliberately indifferent to the Plaintiff's right to property under the Due Process Clause, and the right of all criminal defendants who have been found not guilty to not pay the costs related to their own prosecution.

74.     The Defendants deliberate decision to retain the Plaintiff's bail money to pay for the costs of the prosecution was a clear abuse of governmental power that deprived the Plaintiff of his fundamental interest in property in violation of the Plaintiff's rights under the Substantive Due Process Clause.

75.    Defendants violation of the Plaintiff's Substantive Due Process right to be free from arbitrary and abusive governmental conduct was the proximate cause of injury to the Plaintiff, namely, the deprivation of his property.

**WHEREFORE,** Plaintiff, Tony Burford, individually, an on behalf of all others similarly situated, respectfully requests that this Honorable Court enter judgment against the Defendants for compensatory damages, attorney's fees and costs, and for any other relief that this Honorable Court deems just and applicable.

**COUNT III-- 42 U.S.C. § 1983**
**EIGHTH AMENDMENT OF THE UNITED STATES CONSTITUTION**
**PLAINTIFF v. ALL DEFENDANTS**

76.    All of the preceding paragraphs are incorporated by reference as if fully set-forth herein.

77.    The Eighth Amendment provides "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const., Amdt. 8.

78.    The Excessive Fines Clause limits a government's power to extract payments that constitute punishment.

79.    A fine is any payment to the government made as punishment for a crime.

80.    The Plaintiff deposited his bail money ($6,000.00) in the Delaware County Office of Judicial Support, and although precluded by both the substantive component of the Due Process Clause and Pennsylvania law, Defendants extracted the payment of court costs from the Plaintiff's bail money.

81.    Because the Plaintiff had been found not guilty of the criminal offenses/had his charges dismissed and/or withdrawn, the extraction of the costs from the bail money constituted an impermissible penalty and hence and excessive fine.

82.    Defendant, Delaware County, directly engaged in the unconstitutional conduct when it adopted an unconstitutional policy, practice and/or custom to retain the bail money of persons whose criminal charges were dismissed, withdrawn and/or were found not guilty in order to pay certain costs of the prosecution, where the law clearly placed the payment of these costs on the County itself.

83.    Defendants violation of the Plaintiff's Eighth Amendment right to be free from excessive fines was the proximate cause of injury to the Plaintiff, namely, the deprivation of his property.

**WHEREFORE,** Plaintiff, Tony Burford, individually, an on behalf of all others similarly situated, respectfully requests that this Honorable Court enter judgment against the Defendants for compensatory damages, attorney's fees and costs, and for any other relief that this Honorable Court deems just and applicable.

### COUNT IV-- 42 U.S.C. § 1983
### FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION-- TAKING OF PROPERTY
### PLAINTIFF v. ALL DEFENDANTS

84.    All of the preceding paragraphs are incorporated by reference as if fully set-forth herein.

85.    Defendants retention of the bail money to pay court costs violated the Due Process Clause and Pennsylvania law and constituted a taking of Plaintiff's property under the Fifth Amendment of the United States Constitution.

86.     There is not an available adequate Pennsylvania remedy by which the Plaintiff can seek just compensation, and no amount of compensation can authorize the unconstitutional taking of the Plaintiff's property.

87.     Defendant, Delaware County, directly engaged in the unconstitutional conduct when it adopted an unconstitutional policy, practice and/or custom to retain the bail money of persons whose criminal charges were dismissed, withdrawn and/or were found not guilty in order to pay certain costs of the prosecution, where the law clearly placed the payment of these costs on the County itself.

88.     Defendants violation of the Plaintiff's Fifth Amendment right to be free from takings was the proximate cause of injury to the Plaintiff, namely, the deprivation of his property.

**WHEREFORE,** Plaintiff, Tony Burford, individually, an on behalf of all others similarly situated, respectfully requests that this Honorable Court enter judgment against the Defendants for compensatory damages, attorney's fees and costs, and for any other relief that this Honorable Court deems just and applicable.

### COUNT V-- 42 U.S.C. § 1983
### *MONELL* LIABILITY
### PLAINTIFF v. DELAWARE COUNTY AND MARTINEZ

89.     All of the preceding paragraphs are incorporated by reference as if fully set-forth herein.

90.     Defendant, Delaware County, by and through its governing body, and/or by and through Defendant Martinez, who had final decision making authority related to issued raised by Plaintiff's claims, has maintained for many years an unconstitutional policy, practice and/or custom of retaining bail money from persons found not guilty/had

criminal charges dismissed or withdrawn (Nolle Prossed) in order to pay certain costs of the prosecution, when Pennsylvania law and Due Process Clause of the United States Constitution clearly prohibited such policy, practice and/or custom.

91.     In enacting/implementing the above unconstitutional policy, practice and/or custom, Defendants Delaware County and/or Martinez were deliberately indifferent to the right of the Plaintiff, and others similarly situated to, Due Process of Law, the right to be free from Excessive Fines under the Eighth Amendment and the right not to have property taken by the government under the Takings Clause of the Fifth Amendment of the United States Constitution.

92.     As a direct and proximate result of Defendants Delaware County's and/or Martinez's deliberate indifference to the Federal Constitutional rights of the Plaintiff and all others similarly situated,  the Plaintiff and all others similarly situated suffered the injuries which are described above.

**WHEREFORE,** Plaintiff, Tony Burford, individually, an on behalf of all others similarly situated, respectfully requests that this Honorable Court enter judgment against the Defendants Delaware County and/or Martinez for compensatory damages, attorney's fees and costs, and for any other relief that this Honorable Court deems just and applicable.

## COUNT VI-- PENNSLYVANIA LAW
### CONVERSION
### PLAINTIFF v. DELAWARE COUNTY AND MARTINEZ

93.     All of the preceding paragraphs are incorporated by reference as if fully set-forth herein.

94.    Plaintiff had a legal right to the money that was retained by the Defendants to pay certain court costs of the prosecution.

95.    Defendants Delaware County and/or Martinez deprived the Plaintiff of his money when they retained the money and/or refused to return it to the Plaintiff when the criminal charges were dismissed/withdrawn and the Plaintiff was found not guilty.

96.    Defendants Delaware County and/or Martinez engaged in willful misconduct when they impermissibly retained the Plaintiff's bail money

97.    Defendants Delaware County and/or Martinez deprived the Plaintiff of his money without knowledge, agreement, or consent.

**WHEREFORE,** Plaintiff, Tony Burford, individually, an on behalf of all others similarly situated, respectfully requests that this Honorable Court enter judgment against the Defendants Delaware County and/or Martinez for compensatory damages, attorney's fees and costs, and for any other relief that this Honorable Court deems just and applicable.

**RESPECTFULLY SUBMITTED,**

**O'HANLON LAW FIRM, P.C.**

**BY: _s/ Stephen T. O'Hanlon_**
**STEPHEN T. O'HANLON, ESQUIRE**
**2 Penn Center, Suite 1410**
**1500 John F. Kennedy Blvd.**
**Philadelphia, PA  19102**
**(267)-546-9066**

ABRAMSON & DENENBERG, P.C.

BY: _s/ Alan Denenberg_____
ALAN DENENBERG, ESQUIRE
1315 Walnut St., 12th Floor
Philadelphia, PA  19107
(215)-546-1345

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**TONY BURFORD**                       :
**Individually, and on Behalf of**     :          **CIVIL ACTION**
**All Others Similarly Situated**      :
                                        :          **NO. 19-cv-577**
                                        :
                                        :          **JURY TRIAL**
     **VS.**   :          **DEMANDED**
                                        :
**DELAWARE COUNTY, PENNSYLVANIA et al.** :

## CERTIFICATE OF SERVICE

I, Alan Denenberg, Esquire, hereby certify that on June 3, 2019, Plaintiff's

Amendment Complaint was served on all counsel of record via the Court's electronic filing

system.

Date:  June 3, 2019                    s/ Alan Denenberg_____
                                       ALAN DENENBERG, ESQUIRE



## Delaware County Court of Common Pleas
## Court Summary

**Burford, Tony Nicholas**
Port Allegany, PA 16743
Aliases:
Tony N. Burford
Tony Nicholas Burford

DOB: 02/07/1980

Sex: Male
Eyes: Blue
Hair: Brown
Race: White

**Closed**

**Delaware**

**CP-23-CR-0003078-2016**   Proc Status: Completed        DC No:                OTN:T7457715
Arrest Dt: 01/15/2016    Disp Date: 03/02/2017    Disp Judge: Pagano, George A.
Def Atty: O'Hanlon, Stephen Thomas - (PR)

| Seq No | Statute | Grade | Description | Disposition |
|---|---|---|---|---|
| 1 | 18 § 6301 §§ A1ii | F3 | Corruption Of Minors - Defendant Age 18 or Above | Dismissed |
| 2 | 18 § 3126 §§ A1 | M2 | Indec Asslt-W/O Cons Of Other | Withdrawn |
| 3 | 18 § 3126 §§ A8 | M2 | Ind Asslt Person Less 16 Yrs Age | Not Guilty |
| 4 | 18 § 6318 §§ A1 | F3 | Unlawful Contact With Minor - Sexual Offenses | Not Guilty |
| 96 | 18 § 6318 §§ A1 | F3 | Unlawful Contact With Minor - Sexual Offenses | Charge Changed |
| 97 | 18 § 3126 §§ A8 | M2 | Ind Asslt Person Less 16 Yrs Age | Charge Changed |
| 98 | 18 § 6301 §§ A1ii | F3 | Corruption Of Minors - Defendant Age 18 or Above | Charge Changed |
| 99 | 18 § 6318 §§ A1 | F1 | Unlawful Contact With Minor - Sexual Offenses | Charge Changed |

Recent entries made in the court filing offices may not be immediately reflected on the court summary report. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Court Summary Report information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

Please note that if the offense disposition information is b[...] [...] not a "final disposition" recorded in the Common Pleas Criminal Court Case Management System for this offense. [...] [...]w the public web docket sheet of the case wherein the offense is charged in order to determine what the most up-to-date d[...]



EXHIBIT
"A"

# COURT OF COMMON PLEAS OF DELAWARE COUNTY

## DOCKET



**Docket Number: CP-23-CR-0003078-2016**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Tony Nicholas Burford

Page 1 of 8

## CASE INFORMATION

**Judge Assigned:** Pagano, George A.      **Date Filed:** 05/23/2016     **Initiation Date:** 01/09/2016

**OTN:** T 745771-5     **LOTN:**     **Originating Docket No:** MJ-32237-CR-0000014-2016

**Initial Issuing Authority:** Leonard V. Tenaglia     **Final Issuing Authority:** Leonard V. Tenaglia

**Arresting Agency:** Darby Boro Police Dept     **Arresting Officer:** Barbour, Robert N.

**Complaint/Incident #:** 20160108M0328

**Case Local Number Type(s)**     **Case Local Number(s)**

## STATUS INFORMATION

| Case Status: | Closed | Status Date | Processing Status | | Arrest Date: | 01/15/2016 |
|---|---|---|---|---|---|---|
| | | 03/02/2017 | Completed | | | |
| | | 03/02/2017 | Awaiting Return of Bail | | | |
| | | 07/05/2016 | Awaiting Trial | | | |
| | | 06/17/2016 | Awaiting Trial Scheduling | | | |
| | | 05/23/2016 | Awaiting Formal Arraignment | | | |
| | | 05/23/2016 | Awaiting Filing of Information | | | |

**Complaint Date:** 01/09/2016

## CALENDAR EVENTS

| Case Calendar Event Type | Schedule Start Date | Start Time | Room | Judge Name | Schedule Status |
|---|---|---|---|---|---|
| Formal Arraignment | 06/15/2016 | 8:00 am | | | Scheduled |
| Pre-Trial Conference | 07/05/2016 | 8:00 am | Courtroom 9 | Judge George A. Pagano | Scheduled |
| Trial | 08/30/2016 | 8:00 am | Courtroom 9 | Judge George A. Pagano | Scheduled |
| Motions Hearing | 08/30/2016 | 8:00 am | Courtroom 9 | Judge George A. Pagano | Scheduled |
| Trial | 10/11/2016 | 8:00 am | Courtroom 9 | Judge George A. Pagano | Scheduled |
| Status Conference | 02/13/2017 | 8:00 am | Courtroom 9 | Judge George A. Pagano | Scheduled |
| Trial | 02/28/2017 | 8:00 am | Courtroom 9 | Judge George A. Pagano | Scheduled |

## CONFINEMENT INFORMATION

| Confinement Known As Of | Confinement Type | Destination Location | Confinement Reason | Still In Custody |
|---|---|---|---|---|
| 01/09/2016 | County Correctional Facility | McKean County Prison | | Yes |

## DEFENDANT INFORMATION

**Date Of Birth:** 02/07/1980     **City/State/Zip:** Port Allegany, PA 16743

**Alias Name**
Burford, Tony N.

CPCMS 9082     Printed: 10/05/2017

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF DELAWARE COUNTY

## DOCKET



**Docket Number: CP-23-CR-0003078-2016**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Tony Nicholas Burford

Page 2 of 8

## CASE PARTICIPANTS

| Participant Type | Name |
|---|---|
| Defendant | Burford, Tony Nicholas |

## BAIL INFORMATION

**Burford, Tony Nicholas**　　　　　　　　　　　　　　　　　　　　　　　　　　　**Nebbia Status: None**

| Bail Action | Date | Bail Type | Percentage | Amount | Bail Posting Status | Posting Date |
|---|---|---|---|---|---|---|
| Set | 01/15/2016 | Monetary | 10.00% | $100,000.00 | | |
| Decrease Bail Amount | 01/15/2016 | Monetary | 10.00% | $60,000.00 | | |
| | | | | | Posted | 01/15/2016 |

## CHARGES

| Seq. | Orig Seq. | Grade | Statute | Statute Description | Offense Dt. | OTN |
|---|---|---|---|---|---|---|
| 1 | 6 | F3 | 18 § 6301 §§A1II | Corruption Of Minors - Defendant Age 18 or Above | 01/03/2016 | T 745771-5 |
| 2 | 2 | M2 | 18 § 3126 §§A1 | Indec Asslt-W/O Cons Of Other | 01/08/2016 | T 745771-5 |
| 3 | 7 | M2 | 18 § 3126 §§A8 | Ind Asslt Person Less 16 Yrs Age | 01/03/2016 | T 745771-5 |
| 4 | 8 | F3 | 18 § 6318 §§A1 | Unlawful Contact With Minor - Sexual Offenses | 01/03/2016 | T 745771-5 |
| 96 | 5 | F3 | 18 § 6318 §§A1 | Unlawful Contact With Minor - Sexual Offenses | 01/08/2016 | T 745771-5 |
| 97 | 3 | M2 | 18 § 3126 §§A8 | Ind Asslt Person Less 16 Yrs Age | 01/08/2016 | T 745771-5 |
| 98 | 1 | F3 | 18 § 6301 §§A1II | Corruption Of Minors - Defendant Age 18 or Above | 01/08/2016 | T 745771-5 |
| 99 | 4 | F1 | 18 § 6318 §§A1 | Unlawful Contact With Minor - Sexual Offenses | 01/08/2016 | T 745771-5 |

## DISPOSITION SENTENCING/PENALTIES

| Disposition | | |
|---|---|---|
| Case Event | Disposition Date | Final Disposition |
| Sequence/Description | Offense Disposition | Grade　　Section |
| Sentencing Judge | Sentence Date | Credit For Time Served |
| Sentence/Diversion Program Type | Incarceration/Diversionary Period | Start Date |
| Sentence Conditions | | |

| **Held for Court (Lower Court)** | **Defendant Was Present** | | | |
|---|---|---|---|---|
| Lower Court Disposition | | 05/18/2016 | Not Final | |
| 2 / Indec Asslt-W/O Cons Of Other | | Held for Court (Lower Court) | M2 | 18 § 3126 §§ A1 |
| 97 / Ind Asslt Person Less 16 Yrs Age | | Held for Court (Lower Court) | M2 | 18 § 3126 §§ A8 |
| 98 / Corruption Of Minors - Defendant Age 18 or Above | | Held for Court (Lower Court) | F3 | 18 § 6301 §§A1ii |
| 99 / Unlawful Contact With Minor - Sexual Offenses | | Held for Court (Lower Court) | F1 | 18 § 6318 §§ A1 |
| **Proceed to Court** | **Defendant Was Not Present** | | | |

CPCMS 9082　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Printed: 10/05/2017

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF DELAWARE COUNTY

## DOCKET



**Docket Number: CP-23-CR-0003078-2016**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Tony Nicholas Burford

Page 3 of 8

## DISPOSITION SENTENCING/PENALTIES

Disposition

| Case Event | Disposition Date | Final Disposition | |
|---|---|---|---|
| Sequence/Description | Offense Disposition | Grade | Section |
| Sentencing Judge | Sentence Date | Credit For Time Served | |
| Sentence/Diversion Program Type | Incarceration/Diversionary Period | Start Date | |
| Sentence Conditions | | | |
| **Information Filed** | 06/15/2016 | Not Final | |
| 2 / Indec Asslt-W/O Cons Of Other | Proceed to Court | M2 | 18 § 3126 §§ A1 |
| 97 / Ind Asslt Person Less 16 Yrs Age | Proceed to Court | M2 | 18 § 3126 §§ A8 |
| 98 / Corruption Of Minors - Defendant Age 18 or Above | Proceed to Court | F3 | 18 § 6301 §§ A1ii |
| 99 / Unlawful Contact With Minor - Sexual Offenses | Proceed to Court | F1 | 18 § 6318 §§ A1 |
| **Proceed to Court (Amended Information)** | | | |
| Trial | 10/11/2016 | Not Final | |
| 2 / Indec Asslt-W/O Cons Of Other | Proceed to Court | M2 | 18 § 3126 §§ A1 |
| 96 / Unlawful Contact With Minor - Sexual Offenses | Proceed to Court (Amended Information) | F3 | 18 § 6318 §§ A1 |
| 97 / Ind Asslt Person Less 16 Yrs Age | Proceed to Court | M2 | 18 § 3126 §§ A8 |
| 98 / Corruption Of Minors - Defendant Age 18 or Above | Proceed to Court | F3 | 18 § 6301 §§ A1ii |
| 99 / Unlawful Contact With Minor - Sexual Offenses | Charge Changed | F1 | 18 § 6318 §§ A1 |
| Replaced by 18 § 6318 §§ A1, Unlawful Contact With Minor - Sexual Offenses | | | |
| **Proceed to Court (Amended Information)** | | | |
| Trial | 03/01/2017 | Not Final | |
| 1 / Corruption Of Minors - Defendant Age 18 or Above | Proceed to Court | F3 | 18 § 6301 §§ A1ii |
| 2 / Indec Asslt-W/O Cons Of Other | Withdrawn | M2 | 18 § 3126 §§ A1 |
| 3 / Ind Asslt Person Less 16 Yrs Age | Proceed to Court | M2 | 18 § 3126 §§ A8 |
| 4 / Unlawful Contact With Minor - Sexual Offenses | Proceed to Court | F3 | 18 § 6318 §§ A1 |
| 96 / Unlawful Contact With Minor - Sexual Offenses | Charge Changed | F3 | 18 § 6318 §§ A1 |
| Replaced by 18 § 6318 §§ A1, Unlawful Contact With Minor - Sexual Offenses | | | |
| 97 / Ind Asslt Person Less 16 Yrs Age | Charge Changed | M2 | 18 § 3126 §§ A8 |
| Replaced by 18 § 3126 §§ A1, Indec Asslt-W/O Cons Of Other | | | |
| 98 / Corruption Of Minors - Defendant Age 18 or Above | Charge Changed | F3 | 18 § 6301 §§ A1ii |
| Replaced by 18 § 6301 §§ A1ii, Corruption Of Minors - Defendant Age 18 or Above | | | |
| 99 / Unlawful Contact With Minor - Sexual Offenses | Charge Changed | F1 | 18 § 6318 §§ A1 |
| Replaced by 18 § 6318 §§ A1, Unlawful Contact With Minor - Sexual Offenses | | | |
| **Not Guilty** | | | |
| Trial | 03/02/2017 | Final Disposition | |
| 1 / Corruption Of Minors - Defendant Age 18 or Above | Dismissed | F3 | 18 § 6301 §§ A1ii |
| 2 / Indec Asslt-W/O Cons Of Other | Withdrawn | M2 | 18 § 3126 §§ A1 |
| 3 / Ind Asslt Person Less 16 Yrs Age | Not Guilty | M2 | 18 § 3126 §§ A8 |

CPCMS 9082

Printed: 10/05/2017

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF DELAWARE COUNTY

## DOCKET



**Docket Number: CP-23-CR-0003078-2016**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Tony Nicholas Burford

Page 4 of 8

## DISPOSITION SENTENCING/PENALTIES

**Disposition**

| Case Event | Disposition Date | Final Disposition | |
|---|---|---|---|
| Sequence/Description | Offense Disposition | Grade | Section |
| Sentencing Judge | Sentence Date | | Credit For Time Served |
| Sentence/Diversion Program Type | Incarceration/Diversionary Period | | Start Date |
| Sentence Conditions | | | |
| 4 / Unlawful Contact With Minor - Sexual Offenses | Not Guilty | F3 | 18 § 6318 §§ A1 |
| 96 / Unlawful Contact With Minor - Sexual Offenses | Charge Changed | F3 | 18 § 6318 §§ A1 |
| Replaced by 18 § 6318 §§ A1, Unlawful Contact With Minor - Sexual Offenses | | | |
| 97 / Ind Asslt Person Less 16 Yrs Age | Charge Changed | M2 | 18 § 3126 §§ A8 |
| Replaced by 18 § 3126 §§ A1, Indec Asslt-W/O Cons Of Other | | | |
| 98 / Corruption Of Minors - Defendant Age 18 or Above | Charge Changed | F3 | 18 § 6301 §§ A1ll |
| Replaced by 18 § 6301 §§ A1ll, Corruption Of Minors - Defendant Age 18 or Above | | | |
| 99 / Unlawful Contact With Minor - Sexual Offenses | Charge Changed | F1 | 18 § 6318 §§ A1 |
| Replaced by 18 § 6318 §§ A1, Unlawful Contact With Minor - Sexual Offenses | | | |

## COMMONWEALTH INFORMATION

**Name:** Alan Borowsky
Assistant District Attorney

**Supreme Court No:** 308700

**Phone Number(s):**
610-891-4161    (Phone)

**Address:**
Delaware CO Da's Office
201 W Front St
Media, PA 19063-2797

**Name:** Delaware County District Attorney's
Office
Prosecutor

**Supreme Court No:**

**Address:**

## ATTORNEY INFORMATION

**Name:** Stephen Thomas O'Hanlon
Private

**Supreme Court No:** 208428

**Rep. Status:** Active

**Phone Number(s):**
267-546-9066    (Phone)

**Address:**
O'hanlon Law Firm PC
1500 Jfk Blvd Ste 1850
Philadelphia, PA 19102

**Representing:** Burford, Tony Nicholas

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 1 | 01/15/2016 | | Burford, Tony Nicholas |
| Bail Posted - Burford, Tony Nicholas | | | |
| 2 | 01/15/2016 | | Tenaglia, Leonard V. |
| Bail Set - Burford, Tony Nicholas | | | |

CPCMS 9082

Printed: 10/05/2017

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF DELAWARE COUNTY

**DOCKET**



**Docket Number: CP-23-CR-0003078-2016**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Tony Nicholas Burford

Page 5 of 8

**ENTRIES**

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 3 | 01/15/2016 | | Tenaglia, Leonard V. |
| Order Granting Motion for Modification of Bail - Burford, Tony Nicholas | | | |
| 1 | 05/23/2016 | | Court of Common Pleas - Delaware County |
| Original Papers Received from Lower Court | | | |
| 1 | 06/03/2016 | | O'Hanlon, Stephen Thomas |
| Entry of Appearance | | | |
| 2 | 06/15/2016 | | Commonwealth of Pennsylvania |
| Information Filed | | | |
| 3 | 06/15/2016 | | Delaware County Court Administration |
| Criminal Notice Form Filed O.C. PTC Scheduled for 7/5/16 @ 9:00AM before Judge Pagano | | | |
| 2 | 07/05/2016 | | Pagano, George A. |
| Criminal Notice Form Filed/Notice of Trial 8/30/16, CRTRM 9, Judge Pagano | | | |
| 1 | 07/07/2016 | | MDJ-32-2-37 |
| Transcript of Proceedings, Judge Leonard V. Tenaglia, 32-2-37, May 18, 2016, 36 pages | | | |
| 1 | 07/18/2016 | | O'Hanlon, Stephen Thomas |
| Notice of Intent To Offer Evidence Of Complainant's Prior False Sexual Reporting Activity and Motion | | | |
| 1 | 07/20/2016 | | Pagano, George A. |
| Notice of Hearing Deft's Notice of Intent Scheduled 8/1/16 @ 9:00AM in CRTRM 9 Judge Pagano | | | |
| Borowsky, Alan | | | |
| 07/22/2016 | | First Class | |
| O'Hanlon, Stephen Thomas | | | |
| 07/22/2016 | | First Class | |
| 1 | 08/02/2016 | | Pagano, George A. |
| Order Rescheduling Motions Hearing on August 30, 2016 at 9:00AM in CRTRM No.9 | | | |
| Borowsky, Alan | | | |
| 08/02/2016 | | Interoffice | |
| O'Hanlon, Stephen Thomas | | | |
| 08/02/2016 | | First Class | |

CPCMS 9082

Printed: 10/05/2017

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF DELAWARE COUNTY

## DOCKET

**Docket Number: CP-23-CR-0003078-2016**

# CRIMINAL DOCKET

**Court Case**



Commonwealth of Pennsylvania

v.

Tony Nicholas Burford

Page 6 of 8

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 2 | 08/30/2016 | | Pagano, George A. |
| Criminal Notice Form Filed/Notice of Trial 10/11/16, CRTRM 9, Judge Pagano | | | |
| Defense continuance - Attached for trial | | | |
| 3 | 08/30/2016 | | Burford, Tony Nicholas |
| Waiver of Rule 600 and Speedy Trial Rights Filed | | | |
| 1 | 10/11/2016 | | Pagano, George A. |
| Amended Information Filed | | | |
| 3 | 10/11/2016 | | Pagano, George A. |
| Criminal Notice Form Filed/Notice of Trial 2/28/17, CRTRM 9, Judge Pagano | | | |
| Def Continuance | | | |
| 4 | 10/11/2016 | | Burford, Tony Nicholas |
| Waiver of Rule 600 and Speedy Trial Rights Filed | | | |
| 1 | 10/12/2016 | | Pagano, George A. |
| Three (3) Day Jury Trial Scheduled on February 28, 2017 at 10:00AM in CRTRM No.9 | | | |
| Borowsky, Alan | | | |
| 10/12/2016 | | Interoffice | |
| O'Hanlon, Stephen Thomas | | | |
| 10/12/2016 | | First Class | |
| 1 | 02/06/2017 | | Pagano, George A. |
| Hearing Scheduled for February 13, 2017, at 9 AM, Crtrm #9. | | | |
| 1 | 02/28/2017 | | Pagano, George A. |
| Jury Selection | | | |
| Voir Dire | | | |
| Jurors Stricken for Cause | | | |
| Peremptory Challenges Exercised | | | |
| Panel Selected | | | |
| Jury Adjourned until 3/1/17 @ 10:00AM | | | |
| 1 | 03/01/2017 | | Pagano, George A. |
| Amended Information Filed | | | |

CPCMS 9082

Printed: 10/05/2017

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF DELAWARE COUNTY

## DOCKET



**Docket Number: CP-23-CR-0003078-2016**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Tony Nicholas Burford

Page 7 of 8

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 2 | 03/01/2017 | | Pagano, George A. |
| Jury Trial Held | | | |
| Jury Trial Commences | | | |
| CW Proceeding on counts 1, 3 & 4 | | | |
| Judge Instructs Jurors | | | |
| ADA A Borowsky | | | |
| DF S O'Hanlon | | | |
| CW Opening Statment | | | |
| DF Opening Statement | | | |
| CW Calls Witness #1 | | | |
| C 1 - Layout of Room | | *ADM 3/1/17 | |
| D 1 - Affadavit of Probably Cause | | | |
| D 2 - Preliminary Hearing Transcripts | | | |
| D 3 - Victim's Handwritten Statement | | | |
| CW Calls Witness #2 | | | |
| CW Calls Witness #3 | | | |
| CW Calls Witness #4 | | | |
| C 2/D 3 - Victim's Handwritten Statement | | *ADM 3/1/17 | |
| C 3 - Statement from Mother | | *ADM 3/1/17 | |
| C 4 - Incident Report | | *ADM 3/1/17 | |
| C 5 - Criminal Complaint | | *ADM 3/1/17 | |
| CW Calls Witness #5 | | | |
| CW Calls Wtiness #6 | | | |
| CW Rests | | | |

| 1 | 03/02/2017 | | Pagano, George A. |
|---|---|---|---|
| Jury Trial Resumes | | | |
| DF Calls Witness #1 | | | |
| D 4 - Photograph of Hair | | *ADM 3/2/17 | |
| D 5 - Photograph of Family | | *ADM 3/2/17 | |
| DF Calls Witness #2 | | | |
| DF Calls Witness #3 | | | |
| DF Calls Witness #4 | | | |
| DF Closing Argument | | | |
| CW Closing Argument | | | |
| Judge Charges Jury | | | |
| Deliberation Begins | | | |
| CRT EX 1 - Jury Question | | | |
| Deliberation Ends | | | |
| Verdict - Count 3 Not Guilty Count 4 Not Guilty | | | |

| 2 | 03/02/2017 | | Pagano, George A. |
|---|---|---|---|
| Not Guilty | | | |

CPCMS 9082

Printed: 10/05/2017

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF DELAWARE COUNTY

## DOCKET



**Docket Number: CP-23-CR-0003078-2016**

## CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Tony Nicholas Burford

Page 8 of 8

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 1 | 04/04/2017 | | Court of Common Pleas - Delaware County |
| Bail Refund | | | |

## CASE FINANCIAL INFORMATION

Last Payment Date: 04/05/2017

Total of Last Payment: -$1,116.80

| Burford, Tony Nicholas Defendant | Assessment | Payments | Adjustments | Non Monetary Payments | Total |
|---|---|---|---|---|---|
| **Costs/Fees** | | | | | |
| Constable (Delaware) | $811.80 | -$811.80 | $0.00 | $0.00 | $0.00 |
| Constable Education Training Act | $5.00 | -$5.00 | $0.00 | $0.00 | $0.00 |
| Darby Boro PD BCF (Delaware) 01-9999-454008 | $300.00 | -$300.00 | $0.00 | $0.00 | $0.00 |
| Certification (Delaware) | $16.25 | -$16.25 | $0.00 | $0.00 | $0.00 |
| Bail Handling Percent (Delaware) | $2,400.00 | -$2,400.00 | $0.00 | $0.00 | $0.00 |
| Costs/Fees Totals: | $3,533.05 | -$3,533.05 | $0.00 | $0.00 | $0.00 |
| Grand Totals: | $3,533.05 | -$3,533.05 | $0.00 | $0.00 | $0.00 |

** - Indicates assessment is subrogated

CPCMS 9082

Printed: 10/05/2017

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.